IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERCEL BAKER, | * | |
| Petitioner, | * | Criminal No. RDB-15-0290 |
| v. | * | Civil Action No. RDB-17-684 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

*Pro se* Petitioner Tercel Baker ("Petitioner" or "Baker") pled guilty before this Court to Possession with the Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) on December 7, 2015. (ECF No. 42.) Subsequently, on March 15, 2016, this Court sentenced him to 144 months imprisonment, followed by four years of supervised release. (ECF No. 59 at 2-3.) Currently pending before this Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 ("Petitioner's Motion"). (ECF No. 61.) Having reviewed the parties' submissions, this Court finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons discussed herein, Petitioner's Motion to Vacate (ECF No. 61) is DENIED.

BACKGROUND

On May 20, 2015, a federal grand jury returned a three-count indictment charging Baker with (1) possession of a firearm and ammunition by a felon, in violation of 18 U.S.C. § 922(g)(1); (2) possession with the intent to distribute a controlled substance, in violation of

1

21 U.S.C. § 841(a); and (3) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). (Indictment, ECF No. 1 at 1.) The stipulated facts included in the subsequent plea agreement describe the traffic stop from which Baker's charges stem:

> On January 8, 2015, members of the Maryland State Police and Homeland Security Investigations conducted covert surveillance inside the Rainbow View Apartment Complex in Glen Burnie. They observed their target, Tercel Baker, exit his apartment and enter the driver's side of a Gold Lexus SUV. The officers followed Baker as he drove out of the complex.
>
> They observed Baker commit several traffic violations…and initiated a traffic stop. After speaking with Mr. Baker and observing his demeanor, a K9 was ordered to scan the car, resulting in a positive alert for the presence of contraband. Officers searched the car and recovered an unmarked bottle with 26 oxycodone pills…Baker was arrested and searched…Officers found 14.4 grams of crack in Baker's underwear.
>
> Officers applied for and received a search warrant for Baker's Rainbow View apartment. In the bedroom closet officers recovered 42.84 grams of marijuana and an additional 45 grams of crack. All of the narcotics were packaged for individual sale. They also found a High Point .40 caliber firearm with an obliterated serial number, and 50 rounds of ammunition in the same closet and over $12,000 in cash.

(Plea Agreement, ECF No. 42 at 4-5.)

Paul D. Hazlehurst, Esq., of the Office of the Federal Public Defender ("FPD"), was appointed to represent Baker at his Initial Appearance, (ECF No. 7), but the FPD withdrew from the case when Baker retained private counsel. (ECF No. 19 and 21.) After Baker's new attorney, Frank V. Boozer, Jr., Esq., entered his appearance in the case, Baker filed a Motion to Suppress Physical Evidence on July 2, 2015. (ECF No. 20.) This Court conducted a Motions Hearing on August 31, 2015. (ECF No. 20, 23, and 27.) At the hearing, the parties discussed a possible plea agreement, which Baker rejected. (ECF No. 33

2

at 7-9.) For the reasons stated on the record, the Court denied Petitioner's Motion to Suppress. (ECF No. 33.) Following this Court's ruling, Baker filed a *pro se* Notice of Interlocutory Appeal, which was dismissed by the United States Court of Appeals for the Fourth Circuit. Baker's counsel, Mr. Boozer, subsequently withdrew his appearance from the case. (ECF No. 30 and 31.) This Court then re-appointed Paul D. Hazlehurst, Esq. as counsel on September 15, 2015. The trial date was rescheduled from September 21, 2015 to December 14, 2015. (ECF No. 36.)

On December 7, 2015, Baker entered a plea of guilty to Possession with the Intent to Distribute 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), pursuant to Count Two of the Indictment (ECF No. 42.) This guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed range of sentence of 120 to 180 months. The remaining counts in the Indictment were dismissed on the motion of the United States. (ECF No. 59.) Baker's plea agreement contains several stipulations regarding sentencing. The parties agreed that the base offense level is 24, pursuant to U.S.S.G. § 2D1.1(c)(8), and that Baker qualifies as a Career Offender, pursuant to U.S.S.G. § 4B1.1. (ECF No. 42 at 5.) As a result of the Career Offender qualification, Baker's offense level is 34 and his criminal history category is VI. (*Id.*) However, based on Baker's acceptance of responsibility in the plea agreement, his offense level was adjusted down three levels to 31. (*Id.*) The Pre-Sentence Report ("PSR") calculated an imprisonment range of 188 to 235 months, based on a total offense level of 31 and a criminal history category of VI. (ECF No. 46 at 16, ¶ 65.) However, the parties agreed to a sentencing range of 120 months to 180 months within the plea agreement, lower

than the range recommended in the PSR. (ECF No. 42 at 6 - 7.)

The plea agreement also includes Baker's waiver of his right to appeal his conviction, pursuant to 28 U.S.C. § 1291. (ECF No. 42 at 7.) Baker also waived his right to appeal his sentence, pursuant to 18 U.S.C. § 3742 or otherwise, except in the event that the imposed sentence was greater than the range agreed upon in his plea, 120 months to 180 months. (*Id.*) On March 15, 2016, this Court sentenced Baker to 144 months imprisonment, pursuant to the agreed upon sentencing range in the plea agreement. (ECF No. 59.) No direct appeal was filed. (ECF No. 61-1 at 7.)

## STANDARD OF REVIEW

*Pro se* filings are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where: (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

4

## DISCUSSION

### I. Ineffective Assistance of Counsel

In order to establish an ineffective assistance of counsel claim, Petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). First, Petitioner must show that his counsel's performance was deficient such that it fell below an "objective standard of reasonableness." *Id.* at 688. In assessing whether counsel's performance was deficient, courts adopt a "strong presumption" that an attorney's actions fall within the "wide range of reasonable professional assistance." *Id.* at 689. Second, Petitioner must show that his counsel's performance was prejudicial, meaning the defendant was "depriv[ed] . . . of a fair trial." *Id.* at 687. To demonstrate such prejudice, Petitioner must show there was a "reasonable probability that, but for counsel's [alleged] unprofessional errors, the result of the proceeding[s] would have been different." *Id.* at 694. Both of these prongs must be satisfied for the Petitioner to obtain the relief he is seeking. *Id.* at 687.

In the plea bargaining context, "claims of ineffective assistance of counsel . . . are governed by the two-part test set forth in *Strickland*." *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012) (citing *Hill*, 474 U.S. at 57). However, the "prejudice prong of the test is slightly modified" in that Petitioner must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks omitted); *see also id.* (quoting *Hill*, 474 U.S. at 59).

A valid guilty plea requires an "affirmative showing [by the defendant] that [the plea] was intelligent and voluntary." *Boykin v. Alabama,* 395 U.S. 238, 242 (1969). This affirmative showing cannot come from a "silent record," but rather must involve "a thorough, on-the-record inquiry." *Savino v. Murray,* 82 F.3d 593, 603 (4th Cir. 1996) (referencing *Boykin,* 395 U.S. 243-44). The United States Court of Appeals for the Fourth Circuit has long recognized that "in-court representation[s] from the defendant are treated as conclusive with regard to the validity of the plea and may not be controverted later." *Id.* at 603. "Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005). Further, the Fourth Circuit instructed district judges to "dismiss any § 2255 motion [without holding an evidentiary hearing], that necessarily relies on allegations that contradict the [Petitioner's] sworn statements." *Id.* at 221-22.

Baker alleges ineffective assistance of counsel on a number of grounds and against both attorneys in this case. Baker claims that Mr. Boozer failed to: (1) communicate with Baker and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; (2) attempt to negotiate a favorable plea agreement; and (3) conduct an adequate and independent trial investigation. (ECF No. 61-1 at 2.) Baker makes the same claims regarding Mr. Hazlehurst's representation, and further asserts that Hazlehurst failed to: (1) review, discuss and explain the PSR to Baker prior to the sentencing hearing; (2) argue for mitigation of punishment; (3) file substantive objections to

6

the PSR; (4) object to Baker's sentence being substantively unreasonable; and (5) file a notice of appeal as Baker requested, in violation of petitioner's Sixth Amendment rights. (*Id.*) Petitioner's asserted grounds for ineffective assistance of counsel are either invalid in light of his statements under oath or do not meet the legal standard necessary to accord him relief under § 2255.

## A. Mr. Boozer's Performance Was Not Deficient

Baker asserts that Mr. Boozer did not: (1) conduct an adequate and independent trial investigation, (2) adequately communicate with him, or (3) negotiate a favorable plea agreement. It is well established that Mr. Boozer's actions fall within the wide range of reasonable professional assistance of counsel. *Strickland*, 466 U.S at 689. Regarding pre-trial investigations, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* at 691. It is then for the court to decide, whether in a particular case, "identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* In this case, the decision not to conduct additional investigations made by both Mr. Boozer and, subsequently, Mr. Hazlehurst, reflected a reasonable exercise of their professional judgment. The Petitioner claims counsel did not research the use of a stingray during his arrest, determine whether there was traffic camera footage of the stop available, contest the qualification of the drug detection dog, or interview Petitioner's family members regarding the case. (ECF No. 61 at 20-21.) However, the record reflects that: the Government did not employ a stingray in this case, there was no traffic camera where the stop was executed, and the drug detection dog's qualifications were provided in discovery. (*See* ECF No. 68 at 12, n. 7.) Thus, it cannot be said that counsel

7

failed to exercise reasonable professional judgment while defending Baker, and the outcome of Baker's case was not prejudiced as a result.

Baker also asserts that Boozer did not sufficiently communicate with Baker and that Boozer failed to attempt to negotiate a favorable plea agreement. However, these post hoc allegations are not supported by the record. Baker himself indicated that Boozer came to meet him multiple times and discussed the strategy to invalidate the traffic stop in order to dismiss drug evidence obtained at Mr. Baker's home. (ECF No. 61-1 at 14). Additionally, Boozer discussed an offered plea agreement with Baker, and Baker declined that offer on the record. (ECF No. 33 at 7-9.) Baker's rejection of the plea agreement negotiated by Mr. Boozer had no bearing on the subsequent plea agreement Baker voluntarily accepted that was negotiated by Mr. Hazlehurst. The outcome of Baker's case was not prejudiced by the actions of Boozer, thus, Baker's assertions regarding Mr. Boozer's representation are unavailing. In sum, Baker is not entitled to relief under § 2255 based on his assertion of ineffective assistance of counsel by Mr. Boozer.

### B. Mr. Hazlehurst's Performance was not Deficient

#### 1. Baker's Arguments Regarding Hazlehurst's Performance are Inconsistent with Baker's Statements under Oath

Baker assertions regarding Mr. Hazlehurst's representation are contradicted by Baker's statements on the record. Under *Lemaster*, a § 2255 motion that depends on a contradiction of Petitioner's own sworn statements must be dismissed absent extraordinary circumstances. 403 F.3d at 221. Baker stated on the record at his Rearraignment proceedings that he was satisfied with Mr. Hazlehurst's representation and that he was voluntarily pleading guilty to Possession with Intent to Distribute 28 Grams or More of a

8

Substance Containing a Detectable Amount of Cocaine Base. (Rearraignment Tr., ECF No. 64.) The plea colloquy includes the following discussion:

| | |
|---|---|
| THE COURT: | Sir, do you understand that you're now under oath? |
| DEFENDANT BAKER: | Yes, sir. [. . .] |
| THE COURT: | And have you fully discussed these charges and the three-count indictment with your attorney, Mr. Hazlehurst, the Assistant Federal Public Defender? |
| BAKER: | Yes, sir. |
| THE COURT: | Have you discussed the whole situation with Mr. Hazlehurst, including the evidence in the case? |
| BAKER: | Yes, sir. [. . .] |
| THE COURT: | And have you discussed the possibility of a trial with Mr. Hazlehurst? |
| BAKER: | Yes, Your Honor. |
| THE COURT: | And are you fully satisfied with Mr. Hazlehurst and his representation, and the advice which he's given you? |
| BAKER: | Yes, sir. |
| THE COURT: | And is there anything you've asked Mr. Hazlehurst to do which he's not done? |
| BAKER: | No. He did everything personally. [. . .] |
| THE COURT: | And did you have an opportunity to read and discuss this plea |

| | |
|---|---|
| | agreement letter with your attorney before you signed it? |
| BAKER: | Yes, sir. [. . .] |
| THE COURT: | Are you pleading guilty of your own freely because you are, in fact, guilty? |
| BAKER: | Yes, Your Honor. [. . .] |
| THE COURT: | And, Mr. Baker, are you satisfied that you understand all the possible consequences of your plea of guilty? |
| BAKER: | Yes, Your Honor. |

(*Id.* at 9 - 13, 18.) The record thus indicates that Baker understood the implications of pleading guilty as opposed to proceeding to trial and pleaded guilty of his own free will. (ECF No. 64 at 9 - 13, 18.) Importantly, Baker stated he was satisfied with counsel's representation, directly contradicting the assertions in his own § 2255 claim. (ECF No. 61-1 at 2.) Further, Petitioner's arguments that Mr. Hazlehurst did not effectively communicate with him about the PSR or raise mitigating factors on his behalf at the Sentencing Hearing are also directly contradicted by the record:

| | |
|---|---|
| THE COURT: | …Mr. Baker, first of all, I want to verify that you've had an opportunity to review the presentence report in this case . . . Have you reviewed the report with Mr. Hazlehurst? |
| DEFENDANT BAKER: | Yes, sir. |
| THE COURT: | And approximately how many times have you discussed it with him? |
| BAKER: | Three times now. |

| | |
|---|---|
| THE COURT: | All right. Are you satisfied you've had a sufficient amount of time to go over it with him? |
| BAKER: | Yes, sir. |

(ECF No. 65 at 5.) Baker's own statements under oath refute his claim that counsel did not review, discuss or explain the PSR to him. (ECF No. 61-1 at 2.) Additionally, during the Sentencing Hearing Mr. Hazlehurst raised mitigating factors regarding Baker's difficult upbringing, lack of high school diploma or GED, lack of formal job training or skills, and Petitioner's drug and gambling addiction. (ECF No. 65 at 25–31.) Baker thanked Mr. Hazlehurst on the record for the mitigating factors that he raised, and Baker affirmed Mr. Hazlehurst's statements with his own. (*Id.* at 36–39.)

Baker's statements under oath and his statements in his § 2255 claim cannot both be true. Therefore, under the guidance of *Lemaster*, Petitioner's § 2255 claim cannot be supported by contradicting his own sworn statements, in the absence of extraordinary circumstances. 403 F.3d at 221. As no extraordinary circumstances exist here, Baker's claims of inassistance of counsel are not sufficient to support his § 2255 claim.

### 2. Ineffective Assistance Claims Based on Alleged Counsel Inaction do not Meet *Strickland* Standard

Baker claims that Mr. Hazlehurst failed to file substantive objections to the Presentence Report ("PSR"), to negotiate a favorable plea agreement, or to object to Baker's sentence. (ECF No. 61-1 at 2.) However, these claims are not supported by the details of the plea agreement Baker voluntarily accepted, and Baker's assertions do not indicate that Hazlehurst's actions were unreasonable. (ECF No. 42 at 6-7.) Indeed, raising objections to the PSR would be unreasonable given the more favorable sentence in Baker's plea

agreement. Pursuant to Rule 11(c)(1)(C), the plea agreement stipulated a sentencing range of 120 months to 180 months, (*id.*), whereas, the PSR included a much higher sentencing range of 188 months to 235 months (ECF No. 46 at 16, ¶ 65). This Court specifically stated at the Sentencing Hearing on March 15, 2016 that, "[Baker is] going to be sentenced by agreement to a sentence below the Advisory Guideline range because the guideline range was definitely higher than the 10 to 15 years as reflected in the agreement in this case." (ECF No. 65 at 7: 8-12.) Petitioner's acceptance of the plea agreement and the lower sentencing range that was applied is evidence of counsel's negotiation of a favorable agreement and that further substantive objections to either the PSR or the sentence of 144 months were either unnecessary or imprudent. Given the favorable outcome for Baker, Hazlehurt's actions fall within the ambit of reasonable professional assistance of counsel under *Strickland*.

Baker also argues that Mr. Hazlehurst failed to conduct an adequate and independent trial investigation. (ECF No. 61-1 at 2.) As with Mr. Boozer, Baker's arguments against Hazlehurst on this ground fail as the decision not to investigate reflected a reasonable exercise of Hazlehurst's professional judgment based on facts of the case (ECF No. 68 at 12, n. 7.) Moreover, as noted above, Baker affirmed his support of Mr. Hazlehurst's performance in open court. (Rearraignment Tr., ECF No. 64 at 9 - 13, 18.) Thus, even if Baker were able to show that Hazlehurst failed to conduct an adequate investigation – which he has not – he would still not be entitled to relief based on his inconsistent assertions. *See Lemaster*. 403 F.3d at 221-22.

Finally, there is no basis upon which the Court can grant relief for Petitioner's remaining ineffective assistance claim: that counsel failed to file a notice of appeal as

requested by Baker. Baker waived his right to appeal his conviction on the merits in his plea agreement. (ECF No. 42 at 7) Baker also waived his right to appeal his sentence, unless the imposed sentence was outside of the range agreed upon within the plea. (*Id.*) Baker's sentence of 144 months was within the 120 to 180 month range of the plea agreement, and therefore, there was no basis for an appeal. (ECF No. 65 at 48) Consequently, there was no appeal noted in this case. (ECF No 61-1 at 7). Even if Mr. Hazlehurst had filed an appeal, it would have been futile. Therefore, Hazlehurst's performance on this matter clearly meets the standard of reasonable professional assistance. All of Baker's ineffective assistance of counsel claims are insufficient under *Strickland* and *Lemaster*, therefore, Baker is not entitled to relief under § 2255.

## II. Baker's Classification as a Career Offender

Baker also asserts that his prior felony drug convictions should not qualify him as a Career Offender under United States Sentencing Guideline § 4B1.1. As relief, he seeks resentencing without the Career Offender enhancement, or in the alternative an evidentiary hearing. (ECF No. 61-1 at 37.) Baker's two prior felony drug convictions properly place him in the Career Offender category under United States Sentencing Guideline § 4B1.1. (ECF No. 46 at 5-9.) This classification was discussed with and agreed to by Baker during the Rearraignment where he accepted the plea agreement, and then again at the Sentencing Hearing. (ECF No. 64 at 22-24; ECF No. 65 at 11-13.) The plea agreement functionally was negotiated without the Career Offender enhancement, as the agreed upon sentencing range was well below what was recommended in the PSR for a Career Offender in a category VI – Baker's designation prior to the plea agreement. (ECF No. 65 at 7: 8-12.)

13

Specifically, the plea agreement states that, "the parties also agree that the agreed upon sentencing range would be appropriate even if the defendant was not a career offender." (ECF No. 42 at 6). Therefore, granting the Petitioner's requested relief for resentencing without the Career Offender enhancement would have no effect on his sentence. (ECF No. 61-1 at 31.) Additionally, an evidentiary hearing would not affect Baker's Career Offender status, as additional evidence in this case would not affect his two prior felony drug convictions.

The arguments Baker raises in support of his § 2255 motion are without merit. He has failed to show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (internal quotation marks omitted); *see also id.* (quoting *Hill*, 474 U.S. at 59). Accordingly, Baker's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 61) must be DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (ECF No. 61) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court

denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: September 13, 2017

                                                  /s/
                                      Richard D. Bennett
                                      United States District Judge