## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal Action No. RDB-15-290 |
| TERCEL BAKER, | * | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

Before this Court is the Defendant Tercel Baker's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 96), which was filed on February 20, 2024, wherein Baker requests "relief under Amendment 821" to the Sentencing Guidelines and further requests appointment of counsel.  Baker has been released pursuant to an Executive Grant of Clemency and is not in the custody of Federal Bureau of Prisons.  (ECF No. 99); *see also Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/# (search by register number 44102-037).  For the following reasons, Baker's *pro se* Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 96) is DENIED.

### BACKGROUND

On May 20, 2015, a federal grand jury returned a three-count Indictment charging Defendant Tercel Baker with three counts: one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One); one count possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count Two); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  (ECF No. 1.)  On December 17, 2015, Baker entered a plea of guilty to Count

1

Two.  (ECF No. 42.)  His guilty plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure with an agreed range of sentence of 120 to 180 months.  Baker's plea agreement contains several stipulations regarding sentencing.  The parties agreed that the base offense level is 24, pursuant to U.S.S.G. § 2D1.1(c)(8), and that Baker qualifies as a Career Offender, pursuant to U.S.S.G. § 4B1.1.  (ECF No. 42 at 5.)  As a result of the Career Offender qualification, Baker's offense level is 34 and his criminal history category is VI.  (*Id.*)  However, based on Baker's acceptance of responsibility in the plea agreement, his offense level was adjusted down three levels to 31.  (*Id.*)  The Pre-Sentence Report ("PSR") calculated an imprisonment range of 188 to 235 months, based on a total offense level of 31 and a criminal history category of VI.  (ECF No. 46 at 16, ¶ 65.)  However, the parties agreed to a sentencing range of 120 months to 180 months within the plea agreement, lower than the range recommended in the PSR.  On March 15, 20116, Defendant was sentenced to 144 months imprisonment.  (ECF No. 59.)  On February 20, 2024, Defendant filed the instant motion. (ECF No. 96.)

## ANALYSIS

Through his *pro se* filing,[1] Defendant Tercel Baker moves for a reduction of his sentence.  (ECF No. 96.)  Ordinarily, a federal court may not "modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  This "rule of finality," however, is subject to a few narrow exceptions," *Freeman v. United States*, 564 U.S. 522, 526 (2011), such as 18 U.S.C. § 3582(c)(2), which permits a court to lower the sentence of a defendant who was "sentenced

---

[1] Defendant has filed his submissions *pro se*.  Such filings will be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers.*" Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is consistent with the sentencing factors in 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable. *Dillon v. United States*, 560 U.S. 817, 826 (2010). One such retroactive amendment is Amendment 821 to the Sentencing Guidelines. Amendment 821 is a multi-part amendment. As relevant here, Part A limits the criminal history impact of "status points"—i.e., criminal history points assigned to defendants for committing an offense while under a criminal justice sentence—on a defendant's criminal history calculation. For defendants sentenced before the amendment, Part A instructs courts: (1) to remove one status point for individuals with seven or more criminal history points and (2) to eliminate status points for those with six or less criminal history points. *See* U.S.S.G. § 4A1.1(e).

However, even after Amendment 821 went into effect, defendants who are deemed "career offenders" pursuant to Guideline § 4B1.1 receive a criminal history category of VI toward the calculation of their applicable sentencing range. The automatic placement into criminal history category VI renders the retroactive one-status point reduction available through Amendment 821 irrelevant for career offenders because the status point calculation provided in Guideline § 4A1.1 is used only to determine the applicable criminal history category. In other words, because a career offender's criminal history category is not determined by the status point calculation in Guideline § 4A1.1 that Amendment 821 alters, the calculation of a career offender's sentence is unaffected by Amendment 821, Part A.

Under the Guidelines, a defendant qualifies as a career offender if he was (a) eighteen years or older at the time he committed the offense for which he is being sentenced; (b) the offense for which he is being sentenced is a felony that is either a crime of violence or a controlled substance offense; and (c) the defendant has at least two prior felony convictions either for a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a). Baker satisfies each of these necessary requirements. First, he was in his thirties when he committed the instant offense. Second, the offense for which he was sentenced is a felony that is a controlled substance offense. Third, the PSR details Baker's four prior felony convictions, two of which were controlled substance offenses. Accordingly, because Defendant automatically qualifies for criminal history category VI, the one-status point reduction in the calculation of criminal history points provided by Amendment 821, Part A, does not affect the calculation of his sentencing range.

Moreover, Baker was sentenced to a term of imprisonment well below the Guidelines. That is, while the PSR calculated an imprisonment range of 188 to 235 months, based on a total offense level of 31 and a criminal history category of VI, (ECF No. 46 at 16, ¶ 65), the parties agreed to a sentencing range of 120 months to 180 months within the plea agreement, lower than the range recommended in the PSR, (ECF No. 42), and the Court sentenced Baker within that agreed to range, (ECF No. 59).

Lastly, Baker also seeks appointment of counsel to represent him in seeking a sentence reduction. Generally speaking, there is no constitutional right to appointed counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Williamson*, 706 F.3d 405, 416 (4th Cir. 2013); *United States v. Jones*, No. RDB-10-232, 2021

U.S. Dist. LEXIS 125305, 2021 WL 2805947, at *4 (D. Md. July 6, 2021).  This Court sees no reason to appoint counsel to Baker at this time.  Accordingly, his request for counsel contained in ECF No. 96 is DENIED.

## CONCLUSION

For the foregoing reasons, Defendant Tercel Baker's Motion to Reduce Sentence Pursuant to Amendment 821 (ECF No. 96) is DENIED.  It is SO ORDERED this 10th day of July, 2025.

_____/s/_____

Richard D. Bennett
United States Senior District Judge